UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

CASE NO: _____

BARBARA WENSKE,

    Plaintiff,

vs.

STARBOARD CRUISE SERVICES,
INC., and CARNIVAL CORPORATION,
a foreign corporation, d/b/a CARNIVAL
CRUISE LINES,

    Defendants.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, BARBARA WENSKE, by and through her undersigned attorney, and hereby sues the Defendants, STARBOARD CRUISE SERVICES, INC. and CARNIVAL CORPORATION, a foreign corporation, d/b/a CARNIVAL CRUISE LINES and alleges as follows:

### GENERAL ALLEGATIONS

1. That this is an action for damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest, costs and attorney's fees.

2. That this Court has jurisdiction based on diversity of the parties pursuant to *28 USC §1332.*

3. That this Court has initial admiralty jurisdiction pursuant to *28 USC §1333* and the General Maritime Laws of the United States. Furthermore, the Defendants have designated this Court as the jurisdiction and venue of choice in its ticket of passage.

4. That at all times material hereto, the Plaintiff, BARBARA WENSKE, was a resident of

Texas.

5. That at all times material hereto, the Defendant, STARBOARD CRUISE SERVICES, INC., hereinafter referred to as "STARBOARD", was doing business in Miami-Dade County, Florida, and was the owner and/or operator of the Jewelry Shop aboard the cruise ship MAGIC.

6. That at all times material hereto, the Defendant, CARNIVAL CORPORATION, a Panamanian corporation doing business as CARNIVAL CRUISE LINES, hereinafter referred to as "CARNIVAL", was doing business in Miami-Dade County, Florida, and was the owner/operator of the cruise ship MAGIC.

7. That on or about February 12, 2012, the Plaintiff, BARBARA WENSKE, boarded the Defendant's vessel, MAGIC, for a cruise.

8. That on or about, February 17, 2012, the Plaintiff, BARBARA WENSKE, was visiting the Jewelry Shop on board the MAGIC. She asked to see a watch in a case with a glass door that was locked. When the salesperson unlocked the case, the glass fell off its hinges and struck the Plaintiff, BARBARA WENSKE, in the head and shoulder, causing serious injuries set forth more fully below.

## COUNT I – NEGLIGENCE v. STARBOARD

9. That Plaintiff realleges and reavers all of the allegations contained in paragraphs 1 through 8 of this Complaint and incorporates same herein.

10. That at all times material hereto, the Defendant, STARBOARD had a duty to use reasonable care under the circumstances to maintain its premises in a safe condition. Included in said duty is the duty to warn its passengers of dangers of which it was aware or of which it should have been aware if it had exercised reasonable care.

11. That the Defendant, STARBOARD, by and through the actions of its employees, breached the duty of care which it owed to the Plaintiff, BARBARA WENSKE, and was negligent in one or more of the following ways:

   a. By causing or allowing a glass cabinet in the jewelry shop on the vessel to exist that was dangerous and defective;

   b. By failing to properly maintain the glass cabinet in the jewelry shop on the vessel where the Plaintiff was injured;

   c. By failing to properly secure the glass cabinet in the jewelry shop on the vessel where the Plaintiff was injured;

   d. By failing to conduct reasonable inspections of the glass cabinet in the jewelry shop on the vessel where the Plaintiff was injured;

   e. By failing to use reasonable care when unlocking and removing the glass cabinet;

   f. By failing to take reasonable action to remedy the hazards of which the Defendants knew or should have known, in the exercise of reasonable care and of which the Defendants had knowledge superior to that of the Plaintiff.

   g. By failing to warn passengers, including Plaintiff, of the hazards of which the Defendants knew or should have known in the exercise of reasonable care and of which the Defendants had knowledge superior to that of the Plaintiff.

12. That as a direct and proximate result of the negligence of the Defendant, STARBOARD, as heretofore described, the Plaintiff, BARBARA WENSKE, sustained injuries, has suffered and will continue to suffer the following damages:

   1. Injuries to her head, body and extremities;

   2. Physical, mental and emotional pain and suffering;

   3. Disability;

   4. Loss of earnings;

5. Loss of future earning capacity;

6. Mental Anguish;

7. Loss of capacity for the enjoyment of life;

8. Medical expenses in the past, present and future;

9. Aggravation of a pre-existing physical condition;

10. All other damages as allowable by law.

WHEREFORE, the Plaintiff, BARBARA WENSKE, demands judgment against the Defendant, STARBOARD CRUISE SERVICES, INC., including costs and pre-judgment interest, and further demands trial by jury of all issues so triable as a matter of right, as well as any further relief as this Court deems just and appropriate.

## COUNT II – NEGLIGENCE v. CARNIVAL

13. That Plaintiff realleges and reavers all of the allegations contained in paragraphs 1 through 8 of this Complaint and incorporates same herein.

14. That at all times material hereto, the Defendant, CARNIVAL, had a duty to use reasonable care under the circumstances to maintain its premises in a safe condition. Included in said duty is the duty to warn its passengers of dangers of which it was aware or of which it should have been aware if it had exercised reasonable care.

15. That the Defendant, CARNIVAL, by and through the actions of its employees, breached the duty of care which it owed to the Plaintiff, BARBARA WENSKE, and was negligent in one or more of the following ways:

   a. By causing or allowing a glass cabinet in the jewelry shop on the vessel to exist that was dangerous and defective;

   b. By failing to properly maintain the glass cabinet in the jewelry shop on the vessel where the Plaintiff was injured;

  c. By failing to properly secure the glass cabinet in the jewelry shop on the vessel where the Plaintiff was injured;

  d. By failing to conduct reasonable inspections of the glass cabinet in the jewelry shop on the vessel where the Plaintiff was injured;

  e. By failing to use reasonable care when unlocking and removing the glass cabinet;

  f. By failing to take reasonable action to remedy the hazards of which the Defendants knew or should have known, in the exercise of reasonable care and of which the Defendants had knowledge superior to that of the Plaintiff.

  g. By failing to warn passengers, including Plaintiff, of the hazards of which the Defendants knew or should have known in the exercise of reasonable care and of which the Defendants had knowledge superior to that of the Plaintiff.

16. That as a direct and proximate result of the negligence of the Defendant, CARNIVAL, as heretofore described, the Plaintiff, BARBARA WENSKE, sustained injuries, has suffered and will continue to suffer the following damages:

  1. Injuries to her head, body and extremities;

  2. Physical, mental and emotional pain and suffering;

  3. Disability;

  4. Loss of earnings;

  5. Loss of future earning capacity;

  6. Mental Anguish;

  7. Loss of capacity for the enjoyment of life;

  8. Medical expenses in the past, present and future;

  9. Aggravation of a pre-existing physical condition;

  10. All other damages as allowable by law.

WHEREFORE, the Plaintiff, BARBARA WENSKE, demands judgment against the Defendant, CARNIVAL CORPORATION, a foreign corporation d/b/a CARNIVAL CRUISE LINES, including costs and pre-judgment interest, and further demands trial by jury of all issues so triable as a matter of right, as well as any further relief as this Court deems just and appropriate.

Dated this _Feb. 15_, 2013.

                        Respectfully submitted,

                        WAKS & BARNETT, P.A.
                        Attorneys for Plaintiff
                        9900 SW 107th Avenue, Suite 101
                        Miami, Florida 33176
                        Telephone: (305) 271-8282
                        Facsimile : (305) 595-9776
                        E-mail: waksbar@aol.com

                        By_/s/ Joel M. Barnett_
                            JOEL M. BARNETT
                            FL BAR NO.: 248428